**JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| Changzhou Manufacture (USA), Inc., a California Corporation, d/b/a Beyond Manufacturing, <br><br> Plaintiff, <br> vs. <br><br> M. Cornell Importers, Inc., a Minnesota Corporation, <br><br> Defendant. <br> _____ <br><br> M. CORNELL IMPORTERS, INC., a Minnesota corporation, <br><br> Third Party Plaintiff, <br><br> vs. <br><br> HEAVEN HILL-EVAN WILLIAMS CO., INC., a Kentucky assumed name corporation; and HEAVEN HILL DISTILLERIES, INC., a Kentucky corporation, <br> Third Party Defendants. | Case No. EDCV 11-0200 VAP (OPx) <br><br><br><br><br><br><br><br><br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Upon consent of the parties, the Court enters the following Judgment:

1. This Court has subject matter of this case under 28 U.S.C. §1338 in that it arises under the copyright laws of the United States. The Court has personal jurisdiction of the parties and venue is proper here, in that Plaintiff and Counterclaim Defendant Changzhou Manufacture (USA) Inc., d/b/a Beyond Manufacturing ("Beyond Manufacturing") is a California corporation with its headquarters in this district; Counterclaimant and Third-Party Plaintiff M. Cornell Importers, Inc. ("M. Cornell") has done business in this District out of which the case arises; and Third-Party Defendants Heaven Hill-Evan Williams Co., Inc. and Heaven Hill Distilleries, Inc. (collectively, "Heaven Hill") have consented to personal jurisdiction in California and venue in this District for this action only.

2. M. Cornell Importers, Inc. owns U.S. Copyright Registration No. VA1-701-968 ("the '968 Copyright"). It alleges in its Counterclaim and Third-Party Complaint that Beyond Manufacturing and Heaven Hill (collectively, "The Accused Parties") have infringed the '968 Copyright.

For the purposes of this action only, Beyond Manufacturing and Heaven Hill do not contest M. Cornell's contention that the approximately 39,000 existing stainless steel barrel-shaped flasks, identified in Exhibit C to the Third Party Complaint and Answer and Counterclaim ("Accused Flasks") and imported by Beyond Manufacturing and sold to Heaven Hill, infringe the '968 Copyright.

## ORDER

Based upon the submissions of the parties, the entire record and proceeding herein, and consent of the parties, **IT IS HEREBY ORDERED THAT DEFENDANT M. CORNELL IMPORTERS, INC., TAKE JUDGMENT AS FOLLOWS:**

A. The Accused Parties are hereby enjoined from making, selling, offering for sale, or importing into the United States any stainless steel barrel-shaped flasks through March 31, 2014. The Accused Parties are permanently enjoined from distributing, either directly or indirectly, the Accused Flasks anywhere in the United States or anywhere in North America during the life of the

'968 Copyright. The Accused Parties are further permanently enjoined from providing to T.R. Miller Co., Inc., its associates, affiliates, or agents directly or indirectly, any of the Accused Flasks or any other flasks for distribution in the United States that infringe the '968 Copyright without prior written consent from M. Cornell. The Accused Parties are also permanently enjoined from distributing in the United States any stainless steel barrel-shaped flasks that infringe the '968 Copyright. Beyond Manufacturing is also enjoined from distributing the approximately 39,000 existing stainless steel barrel-shaped flasks after March 31, 2014 in the United States without M. Cornell's written consent. The Accused Parties are further enjoined from directly or indirectly contesting the validity or enforceability of the '968 Copyright.

  B. In the event that Accused Parties violate the terms of the Consent Judgment and Permanent Injunction, M. Cornell will be entitled to its attorney fees, costs, and damages from the breaching party(ies) relating to enforcing the injunction.

  C. Each party is responsible for its own costs and fees incurred in this matter, including attorneys' fees, and except as provided herein all claims are dismissed with prejudice.

  **IT IS SO ORDERED.**

Dated: May 27, 2011 _____

        Virginia A. Phillips
        United States District Court Judge